**Jason K. Singleton,** State Bar #166170
jason@singletonlawgroup.com
**Richard E. Grabowski,** State Bar # 236207
rgrabowski@mckinleyville.net
**SINGLETON LAW GROUP**
611 "L" Street, Suite A
Eureka, CA 95501

(707) 441-1177
FAX 441-1533

Attorney for Plaintiff, ALYSSA MILLER

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALYSSA MILLER,<br><br>      Plaintiff,<br><br>v.<br><br>JUSTIN SHANE LADD, dba THE ALIBI RESTAURANT & COCKTAIL LOUNGE, and DOES ONE to FIFTY, inclusive,<br><br>      Defendants. | Case No.<br><br><u>Civil Rights</u><br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS OF A DISABLED PERSON IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990; VIOLATION OF CALIFORNIA'S CIVIL RIGHTS STATUTES**<br><br><u>**JURY TRIAL REQUESTED**</u> |

Plaintiff **ALYSSA MILLER** complains of defendants **JUSTIN SHANE LADD, dba THE ALIBI RESTAURANT & COCKTAIL LOUNGE, and DOES ONE to FIFTY, inclusive,** and alleges as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction of this action pursuant to 28 *USC* § 1331 for violations of the *Americans with Disabilities Act of 1990*, (42 *USC* § 12101, *et seq.*) Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including, but not limited to, violations of *California Civil Code* §§ 51, 51.5, 52(a), 52.1, 54, 54.1, 54.2, 54.3, and 55.

2.      Venue is proper in this court pursuant to 28 *USC* § 1391(b) and is founded on the

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF      1

fact that the real property which is the subject of this action is located in this district, in Arcata, Humboldt County, California, and that Plaintiff's causes of action arose in this district.

## INTRODUCTION

3. **THE ALIBI RESTAURANT & COCKTAIL LOUNGE (**hereinafter **"THE ALIBI")** is located at 744 9th Street, Arcata, California. Said restaurant is owned and operated by defendants **JUSTIN SHANE LADD, and DOES ONE to FIFTY, inclusive**.

4. Defendants **JUSTIN SHANE LADD and DOES ONE to FIFTY, inclusive,** operate an establishment for services to the public and at which Defendants failed to provide barrier free access to said establishment in conformity with both Federal and California legal requirements. Further, Defendants failed to provide compliance as follows:

a) Defendants interfered with and failed to allow admittance to their restaurant to Plaintiff, a qualified disabled person, accompanied by her service dog in violation of 28 C.F.R. § 36.302 (c), Cal. Civil Code § 51, and Cal. Civil Code § 54.2.

The above barriers interfered with Plaintiff's access of the facilities and continue to deter Plaintiff from visiting said facilities, and as a legal result, Plaintiff **ALYSSA MILLER** suffers violations of her civil rights to full and equal enjoyment of goods, services, facilities and privileges, and has and will suffer embarrassment and humiliation.

## FACTUAL ALLEGATIONS

5. Plaintiff, **ALYSSA MILLER,** is, and at all times relevant to this Complaint is, a "physically handicapped person, "physically disabled person," and a "person with a disability," as these terms are used under California law and under federal laws including, but not limited to, Title III of the *Americans with Disabilities Act of 1990*. (The terms "physically handicapped person," "physically disabled person," and "person with a disability" will be used interchangeably throughout this Complaint.) Plaintiff is a "person with a disability" as defined by all applicable California and United States' laws. Plaintiff, **ALYSSA MILLER,** is severely limited in the use of her legs.

6. Defendants **JUSTIN SHANE LADD and DOES ONE to FIFTY, inclusive,** at all times relevant herein were and are the owners and operators; lessors and/or lessees,

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF      2

franchisers and/or franchisees, of public facilities known as **THE ALIBI** located at Arcata, California, subject to the requirements of California state law requiring full and equal access to public facilities pursuant to *California Health & Safety Code* §19955, *et seq.*, *California Civil Code* §§51, 51.5, 52(a), 52.1, 54, 54.1, 54.3 and 55, and subject to Title III of the *Americans with Disabilities Act of 1990*, and to all other legal requirements referred to in this Complaint. Plaintiff does not know the relative responsibilities of defendants in the operation of the facilities herein complained of, and alleges a joint venture and common enterprise by all such defendants.

7. Defendants **JUSTIN SHANE LADD and DOES ONE to FIFTY, inclusive** (hereinafter alternatively referred to collectively as "defendants"), at all times relevant herein were and are owners, possessors, builders and keepers of **THE ALIBI** in Arcata, California.

8. Defendants **JUSTIN SHANE LADD and DOES ONE to FIFTY, inclusive** are the owners and operators of the subject **THE ALIBI** at all times relevant to this Complaint. Plaintiff is informed and believes that each of the defendants herein is the agent, employee or representative of each of the other defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other defendants in legally causing the damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described.

9. Plaintiff, **ALYSSA MILLER,** does not know the true names and capacities of defendants **JUSTIN SHANE LADD and DOES ONE to FIFTY, inclusive**, their business capacities, their ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such defendants. Plaintiff is informed and believes that each of the defendants herein, including **DOES ONE to FIFTY, inclusive**, is the agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, joint venturer, partner, and associate, or such similar capacity, of each of the other defendants, and was at all times acting and performing, or failing to act or perform, with the authorization,

consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described.  Plaintiff will seek leave to amend this Complaint when the true names, capacities, connections and responsibilities of defendants **JUSTIN SHANE LADD and DOES ONE to FIFTY, inclusive**, are ascertained.

10. Plaintiff is informed and believes that all named defendants, including **DOES ONE to FIFTY, inclusive**, conspired to commit the acts described herein, or alternatively, aided and abetted one another in the performance of the wrongful acts hereinafter alleged.

11. Defendants **JUSTIN SHANE LADD and DOES ONE to FIFTY, inclusive**, are the owners and operators of **THE ALIBI** located at Arcata, California.  This restaurant is a "public accommodation or facility" subject to the requirements of *California Health & Safety Code* §19955, *et seq.*, and of *California Civil Code* §§51, 52(a), 54, 54.1, *et seq.*

12. On April 23, 2008, and again on July 4, 2008, Plaintiff, **ALYSSA MILLER**, visited **THE ALIBI** in Arcata, California, for the purpose of having a drink with a friend.  Defendants **JUSTIN SHANE LADD and DOES ONE to FIFTY, inclusive**, interfered with Plaintiff's access to **THE ALIBI** as set forth in Paragraph 4 above.

Said acts and omissions denied Plaintiff legal handicapped access to **THE ALIBI** according to federal and state law.

13. Plaintiff's home, in 346 Lupin Road, Arcata, is approximately 5 miles from **THE ALIBI** in Arcata, California.  Plaintiff travels regularly to Arcata for pleasure and business. Plaintiff intends to return to **THE ALIBI** in Arcata, California, when this public accommodation is made accessible.

14. Plaintiff encountered and/or is informed and believes that the barriers existed and continue to exist thereby denying Plaintiff and those similarly situated full and equal access to the subject public facility as set forth in Paragraph 4 above.

15. Defendants, and each of them, discriminated against Plaintiff, **ALYSSA MILLER**, on the basis of her physical disability, and interfered with her access to **THE ALIBI**

establishment, in violation of both California law including, but not limited to, **California Civil Code** §§51, 51.5, 54, 54.1, and a violation of Title III, §302, the "Prohibition of Discrimination" provision and §503, the "Prohibition Against Retaliation or Coercion" provision of the **Americans with Disabilities Act of 1990**.

16.  As a result of the actions and failure to act of defendants, and each of them, and as a result of the failure to provide appropriate access to their restaurant, Plaintiff, **ALYSSA MILLER,** suffered and will suffer a loss of her civil rights to full and equal access to public facilities, and further suffered and will suffer emotional distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with a disability being denied access to a public accommodation, all to her damages as prayed hereinafter in an amount within the jurisdiction of this court.

I. **FIRST CAUSE OF ACTION:**
VIOLATION OF **THE AMERICANS WITH DISABILITIES ACT OF 1990**
(42 **USC** §12101 *et seq.*)

17.  Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 16 of this Complaint and incorporates them herein as if separately repled.

18.  Pursuant to law, in 1990 the United States Congress made findings per 42 **USC** §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

19.  Congress stated as its purpose in passing the **Americans with Disabilities Act**

*of 1990* (42 *USC* §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

20. As part of the *Americans with Disabilities Act of 1990*, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 *USC* §12181, *et seq.*). Among the public accommodations identified for purposes of this title were "**(B)** a restaurant, bar, or other establishment serving food or drink; . . ."

21. Pursuant to 42 *USC* §12182,

> "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

22. Among the general prohibitions against discrimination were included in 42 *USC* §12182(b)(1)(A)(i):

> **Denial of participation**. It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

23. Among the general prohibitions against discrimination were included in 42 *USC* §12182(b)(1)(E):

> **Association** -- It shall be discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association.

The acts of defendants set forth herein were a violation of Plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 *CFR* Part 36 et seq.

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF      6

24. Among the general prohibitions against discrimination were included in 42 **USC** §12182(b)(2)(A)(i) and 42 **USC** §12182(b)(2)(A)(ii):

> **Discrimination.** For purposes of subsection (a), discrimination includes -
>
> (i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
>
> (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations.

25. Plaintiff alleges that constructing the eligibility requirements, policies, practices and procedure for entry to **THE ALIBI** facility by persons with disabilities and their companions as established by the defendants can be simply modified to eliminate disparate and discriminatory treatment of persons with disabilities and allow full and equal enjoyment of **THE ALIBI** as that enjoyed by other people.

26. The specific prohibition against retaliation and coercion is included in the *Americans With Disabilities Act of 1990* §503(b) and the *Remedies and Procedures* in §503(c):

> (b) Interference, Coercion, or Intimidation. - It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this Act.
>
> (c) Remedies and Procedure. - The remedies and procedures available under sections 107, 203, and 308 of this Act shall be available to aggrieved persons for violations of subsections (a) and (b), with respect to Title I, Title II and Title III, respectively.

27. Among the specific prohibitions against discrimination were included 42 U.S.C. § 12132. The acts of Defendants set forth herein were a violations of Plaintiff's rights under the "ADA," Public Law 101-336, and the regulations promulgated thereunder, 28 **CFR** Part 36, *et seq.*

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF     7

28. The removal of the barriers complained of by Plaintiff as hereinabove alleged were at all times after 1990 "readily achievable." On information and belief, if the removal of all the barriers complained of here together were not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."

29. Pursuant to the **Americans with Disabilities Act of 1990**, §308 (42 **USC** §12188 *et seq.*), Plaintiff is entitled to the remedies and procedures set forth in the **Civil Rights Act of 1964** §204(a), (42 **USC** §2000a-3(a)), as Plaintiff is being subjected to discrimination on the basis of disability in violation of this title and/or Plaintiff has reasonable grounds for believing that she is about to be subjected to discrimination in violation of **Americans With Disabilities Act of 1990** §302. Plaintiff cannot return to or make use of the public facilities complained of herein for the purpose of entry and provision of goods and service so long as defendants continue to apply eligibility criteria, policies, practices and procedures to screen out and refuse to allow entry and service to persons with disabilities such as Plaintiff's.

30. Defendants', and each of their acts and omissions of failing to provide barrier free handicapped access for Plaintiff, were tantamount to interference, coercion or intimidation pursuant to **Americans With Disabilities Act of 1990** §503(b) (now 42 **USC** §12203):

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this Act.

31. Per **Americans With Disabilities Act of 1990** §308(a)(1) (now 42 **USC** §12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, Plaintiff, on information and belief, alleges that defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to access this public accommodation for the purpose of having a drink with a friend. Therefore, Plaintiff seeks injunctive relief pursuant to §308(a)(2),

> "…Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modifications of a policy, or provision of

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF     8

alternative methods, to the extent required by this title."

32.     Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the **Civil Rights Act of 1964** (42 **USC** §2000a-3(a), and pursuant to federal regulations adopted to implement the **Americans with Disabilities Act of 1990**, including, but not limited to, an order granting injunctive relief and attorneys' fees.  Such attorneys' fees, "including litigation expenses and costs," are further specifically provided for by §505 of Title III.

WHEREFORE, Plaintiff prays for damages as hereinafter stated.

## II.     SECOND CAUSE OF ACTION
VIOLATION OF CALIFORNIA'S CIVIL RIGHTS ACTS
(**California Civil Code** §§54, 54.1, 54.2 and 54.3)

33.     Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 32 of this Complaint and incorporates them herein as if separately repled.

34.     The public facilities above-described constitute public facilities and public accommodations within the meaning of **California Health & Safety Code** §19955, *et seq.*, and are facilities to which members of the public are invited.  The aforementioned acts and omissions of defendants, and each of them, constitute a denial of equal access to and use and enjoyment of these facilities by persons with disabilities, including Plaintiff, **ALYSSA MILLER**.  Said acts and omissions are also in violation of provisions of **California Civil Code** § 54.2 (a).

35.     The rights of Plaintiff, the entitlement of Plaintiff to full and equal access and the denial by defendants of such rights and entitlements are set forth in **California Civil Code** §§54, 54.1, 54.2  and 54.3, to wit:

> Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motor buses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.  **California Civil Code** §54.1(a).
>
> Every individual with a disability has the right to be accompanied by a guide dog, signal dog, or service dog, especially trained for the purpose, in any of

the places specified in Section 54.1 without being required to pay an extra charge or security deposit for the guide dog, signal dog, or service dog. **California Civil Code** §54.2(a).

36. On April 23, 2008, and July 4, 2008, Plaintiff, **ALYSSA MILLER,** suffered violations of **California Civil Code** §§54, 54.1 and 54.2 in that she was denied full and equal enjoyment of the goods, services, facilities and privileges of said **THE ALIBI**, as set forth in paragraph 4 above.

Plaintiff was also denied full and equal access to other particulars, including, but not limited to, those described hereinabove. Plaintiff was also denied use of facilities that she was entitled to under Title III of the **Americans with Disabilities Act of 1990**.

37. As a result of the denial of full and equal enjoyment of the goods, services, facilities and privileges of defendants' **THE ALIBI** due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining this subject public facility, Plaintiff suffered violations of her civil rights, including, but not limited to, rights under **California Civil Code** §§54, 54.1, 54.2 and 54.3, and has and will suffer physical injury, emotional distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a disabled person's denial of full and equal enjoyment of goods, services, privileges, etc. all to her damages as prayed hereinafter in an amount within the jurisdiction of the court. Defendants' actions and omissions to act constituted discrimination against Plaintiff on the sole basis that Plaintiff is disabled.

38. Plaintiff seeks damages for the violation of her rights as a disabled person on April 23, 2008 and July 4, 2008, according to proof, pursuant to **California Civil Code** §54.3, including a trebling of all statutory and actual damages, general and special, available pursuant to **California Civil Code** §54.3(a).

39. As a result of defendants' acts and omissions in this regard, Plaintiff **ALYSSA MILLER** has been required to incur legal expenses and hire attorneys in order to enforce her rights and enforce provisions of the law protecting the full and equal enjoyment of goods, services, facilities, privileges of public facilities by the disabled, and those individuals

associated with or accompanied by a person with disabilities, and prohibiting discrimination against the disabled.  Plaintiff, therefore, seeks recovery in this lawsuit for all reasonable attorneys' fees incurred pursuant to the provisions of **California Civil Code** §55.  Additionally, Plaintiff's lawsuit is intended not only to obtain compensation for damages to Plaintiff, but also to compel the defendants to make their goods, services, facilities and privileges available and accessible to all members of the public with physical disabilities, justifying public interest attorneys' fees pursuant to the provisions of **California Code of Civil Procedure** §1021.5.

40.   The acts and omissions of defendants in failing to provide the required accessible facilities subsequent to the enactment date and compliance date of the ***Americans with Disabilities Act of 1990***, and refusal to make remedial modifications practices, policies and other elements as hereinabove stated, after being notified by patrons before and after the time of Plaintiff's visits and injuries, on April 23, 2008 and July 4, 2008, and all times prior thereto with the knowledge that persons with disabilities would enter defendants' premises, the reason given therefor, was an established policy, practice and procedure of refusing and denying entry, thereby denying services to a person with disabilities and the companions thereof, evidence malice and oppression toward Plaintiff and other disabled persons.

41.   Plaintiff seeks injunctive relief pursuant to **California Civil Code** §55 to require Defendants to comply with federal and state access regulations.

42.   Defendants have failed to establish a nondiscriminatory criteria, policy, practice and procedure for entry into said **THE ALIBI** as hereinabove described.

43.   As a result of defendants' continuing failure to provide for the full and equal enjoyment of goods, services, facilities and privileges of said **THE ALIBI** as hereinabove described, Plaintiff has continually been denied her rights to full and equal enjoyment of the subject restaurant, as it would be a "futile gesture" to attempt to patronize said **THE ALIBI** with the discriminatory policy in place as hereinabove described.

44.   The acts and omissions of defendants as complained of herein in failing to provide the required accessible facilities subsequent to the enactment date and compliance date of the ***Americans with Disabilities Act of 1990*** and refusal to establish practices,

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF     11

policies and procedures to allow safe access by persons who are disabled are continuing on a day-to-day basis to have the effect of wrongfully and willfully excluding Plaintiff and other members of the public who are disabled from full and equal enjoyment of the subject **THE ALIBI** as hereinabove described.  Such acts and omissions are the continuing cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second class citizen and serve to discriminate against her on the sole basis that she is disabled.  Plaintiff is unable, so long as such acts and omissions of defendants continue, to achieve full and equal enjoyment of the goods and services of said **THE ALIBI** as described hereinabove.  The acts of defendants have legally caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this court.

45.    Wherefore, Plaintiff asks this court to preliminarily and permanently enjoin any continuing refusal by defendants to permit entry to said **THE ALIBI** and to serve Plaintiff or others similarly situated, and to require defendants to comply forthwith with the applicable statutory requirements relating to the full and equal enjoyment of goods and services as described hereinabove for disabled persons.  Such injunctive relief is provided by ***California Civil Code*** §55.  Plaintiff further requests that the court award statutory costs and attorneys' fees to Plaintiff pursuant to ***California Civil Code*** §55 and ***California Code of Civil Procedure*** §1021.5, all as hereinafter prayed for.

WHEREFORE, Plaintiff prays for compensatory damages, reasonable attorneys' fees and costs of suit, as allowed by statute and according to proof.

**III.    THIRD CAUSE OF ACTION**
VIOLATIONS OF ***UNRUH CIVIL RIGHTS ACT***
(***California Civil Code*** §§51 and 51.5)

46.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 45 of this Complaint and incorporates them herein as if separately repled.

47.    Defendants' acts and omissions as specified with regard to the discriminatory treatment of Plaintiff, **ALYSSA MILLER,** on the basis of her disabilities, have been in violation of ***California Civil Code*** §§51 and 51.5, the ***Unruh Civil Rights Act***, and have denied to

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF    12

Plaintiff her rights to "full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever."

48.  **California Civil Code** §51 also provides that "[a] violation of the right of any individual under the **Americans with Disabilities Act of 1990** (Public Law 101-336) shall also constitute a violation of this section."

49.  **California Civil Code** §51.5 also provides that

> "[n]o business establishment of any kind whatsoever shall discriminate against, boycott, or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, disability of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers."

50.  As a result of the violation of Plaintiff's civil rights protected by **California Civil Code** §§51 and 51.5, Plaintiff is entitled to the rights and remedies of **California Civil Code** §52, including a trebling of actual damages (defined by **California Civil Code** §52(h) to mean "special and general damages"), as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

WHEREFORE, Plaintiff prays that this court award damages and provide relief as follows:

## PRAYER FOR RELIEF

Plaintiff prays that this court award damages and provide relief as follows:

1.  Grant injunctive relief requiring that defendants establish a non-discriminatory criteria policy, practice and procedure permitting entry into **THE ALIBI Restaurant & Cocktail Lounge** in Arcata, California, for the purpose of obtaining the goods and services accorded therein according to **California Civil Code** §§51, 51.5, 52, 54, 54.1, 54.3, and 55, *et seq.*, and Title III of the **Americans with Disabilities Act of 1990** and otherwise make accessible, all public areas of the restaurant, including, but not limited to, each of the barriers to access identified in Paragraph 4, above, and make such facilities "readily accessible to and usable by individuals with disabilities" according to the standards of Title 24 of the **California Administrative Code**, **California Health & Safety Code** § 19955 *et seq.*, and Title III of the

***Americans with Disabilities Act of 1990*** and the standards of ***ADAAG***; and prohibiting operation of **THE ALIBI Restaurant & Cocktail Lounge** located in Arcata, California, as a public facility until Defendants provide full and equal enjoyment of goods and services as described hereinabove to disabled persons, including Plaintiff;

    2.    General damages according to proof;

    3.    Statutory and "actual" damages, including general damages and special damages, according to proof, pursuant to ***California Civil Code*** §§52, and 54.3, and that these damages be <u>trebled</u>;

    4.    Prejudgment interest on all compensatory damages;

    5.    Remedies and Procedures available under ***Americans with Disabilities Act of 1990*** §§107, 203 and 308;

    6.    Award Plaintiff all litigation expenses, all costs of this proceeding and all reasonable attorneys' fees as provided by law, including, but not limited to, those recoverable pursuant to the provisions of ***California Civil Code*** §§52, 54.3, and 55, ***California Code of Civil Procedure*** §1021.5, and ***Americans with Disabilities Act of 1990*** §308 of Title III; and

    7.    Grant such other and further relief as the court may deem just and proper.

**SINGLETON LAW GROUP**

Dated: December 11, 2008

/s/ Jason K. Singleton
Jason K. Singleton,
Richard E. Grabowski, Attorneys for
Plaintiff, **ALYSSA MILLER**

### REQUEST FOR JURY TRIAL

Plaintiff hereby requests a jury for all claims for which a jury is permitted.

**SINGLETON LAW GROUP**

Dated: December 11, 2008

/s/ Jason K. Singleton
Jason K. Singleton,
Richard E. Grabowski, Attorneys for
Plaintiff, **ALYSSA MILLER**