IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ALYSSA MILLER, | No. CV 08-05595 NJV |
| Plaintiff, | **ORDER** |
| v. | |
| JUSTIN SHANE LADD, dba THE ALIBI RESTAURANT & COCKTAIL LOUNGE and DOES ONE to FIFTY, inclusive, | |
| Defendants. | |

On December 16, 2008, Plaintiff Alyssa Miller filed a complaint for injunctive relief and damages against Defendants Justin Shane Ladd, dba The Alibi Restaurant & Cocktail Lounge ("The Alibi"), and Does One to Fifty, alleging violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. ("ADA"), the California Disabled Persons Act, Cal. Civil Code §§ 54 et seq. ("CDPA"), and the California Unruh Civil Rights Act, Cal. Civil Code §§ 51 et seq. ("Unruh Act"). Defendant Ladd, dba The Alibi, earlier filed a motion to dismiss or for a more definitive statement which the court denied by order entered July 29, 2009. Docket No. 37. Defendant now moves for summary judgment on all or part of Plaintiff's claims as set forth in the Second Amended Complaint.

The court held a hearing on Defendant's motion for summary judgment on July 13, 2010. For the reasons set forth below, the Court denies Defendant's motion.

\\

\\

**BACKGROUND**

Plaintiff alleges that she is a disabled person who suffers from several conditions including those that result in brain stem compression: Arnold-Chiari malformation, Tethered Cord Syndrome, a retroflexed odontoid, a kinked brainstem, Postural Orthostatic Tachycardia Syndrome ("POTS") and Ehlers-Danlos Syndrome. Second Amended Compl. ¶ 5. On March 3, 2008, Plaintiff's treating physician, Julie Ohnemus, M.D., prescribed Plaintiff a dog based on a diagnosis of anxiety disorder and post traumatic stress disorder. Hamer Decl. Ex. 4 at 177 (medical records of Open Door Clinic). At the time that Dr. Ohnemus prescribed the dog for Plaintiff, Plaintiff had not been diagnosed by a medical professional as being disabled. Hamer Decl. Ex. 5 (Pl's response to RFA 7).

Defendant Ladd is the owner and operator of The Alibi, located in Arcata, California. On two separate occasions, April 23 and July 4, 2008, Plaintiff was denied access to The Alibi when she was accompanied by a dog that she contends acts as her service animal.

**LEGAL STANDARD**

To succeed on a motion for summary judgment, the moving party must establish that, under facts that are not subject to genuine dispute, that party is entitled to judgment as a matter of law. Fed. R. Civ. Proc. 56(c). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v Liberty Lobby*, 477 U.S. 242, 248 (1986). The burden of establishing the absence of a genuine issue of material fact lies with the moving party. *See Celotex Corp v Catrett*, 477 U.S. 317, 322-23 (1986). In reviewing a motion for summary judgment, the Court considers the evidence in the light most favorable to the party against whom the judgment is sought. *Anderson*, 477 U.S. at 255.

**DISCUSSION**

Title III of the ADA prohibits discrimination by public accommodations. 42 U.S.C. §§ 12181 et seq. Title III provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or

2

1  accommodations of any place of public accommodation by any person who owns, leases (or leases
2  to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).  To prevail on a Title III
3  discrimination claim, Plaintiff must show that (1) she is disabled within the meaning of the ADA;
4  (2) Defendant is a private entity that owns, leases, or operates a place of public accommodation; and
5  (3) Plaintiff was denied public accommodations by Defendant because of her disability. *Molski v.*
6  *M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)-(b)).

7  Plaintiff alleges that Defendant discriminated against her on the basis of her disability by
8  denying access when she was accompanied by her service animal.  Defendant contends that he is
9  entitled to summary judgment because Plaintiff does not have sufficient evidence to carry her burden
10 of persuasion at trial to prove either of the following elements of her claims: that Plaintiff was
11 disabled or that she was accompanied by a "service dog" when she was excluded from The Alibi.
12 Mot. Summ. J. at 10.  Plaintiff has demonstrated, however, that "the evidence presents a sufficient
13 disagreement" to raise a genuine issue of material fact that requires submission to a jury. *Anderson*,
14 477 U.S. at 251-52.

16  A.     Disability

17  To make out a prima facie case of disability discrimination, Plaintiff must show that she is
18 "disabled" as that word is defined under the law. *Molski*, 481 F.3d at 730.  The ADA defines a
19 disability as "a physical or mental impairment that substantially limits one or more major life
20 activities." 42 U.S.C. § 12102(2)(A).  A major life activity is "substantially limited" if the
21 individual cannot perform the activity that the average person in the general population can perform
22 or if the manner in which the individual can perform the activity is "significantly restricted as to the
23 condition, manner or duration ... as compared to ... [an] average person in the general population."
24 29 C.F.R. § 1630.2(j).  "Major life activities" include functions "such as caring for oneself,
25 performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 45
26 C.F.R. § 84.3(j)(2)(ii); 29 C.F.R. § 1630.2(i).  "This illustrative list of major life activities requires
27 the activity only to be of 'comparative importance' and 'central to the life process itself,' and it need
28 \\

United States District Court
For the Northern District of California

1  not have a public, economic, or daily character." *Fraser v. Goodale*, 342 F.3d 1032, 1039 (9th Cir.
2  2003).

3  State law more broadly recognizes a disability where the condition imposes a limitation,
4  rather than a "substantial limitation," on a major life activity. Cal. Gov't Code section 12926.1(c).
5  For the purposes of this motion, the Court considers the evidence against the more demanding
6  standard of disability under the ADA. Although Plaintiff suggests that the ADA Amendments Act
7  of 2008 ("ADAAA"), effective January 1, 2009, should apply to Plaintiff's claims, the Ninth Circuit
8  follows other circuits that have determined that the ADAAA does not apply retroactively. *Becerril*
9  *v. Pima County Assessor's Office*, 587 F.3d 1162, 1164 (9th Cir. 2009) (per curiam).

10  In deciding whether Plaintiff's impairment is substantially limiting, the factfinder must
11  consider "the nature and severity of the final impairment, 29 C.F.R. § 1630.2(j)(2)(i), the duration or
12  expected duration of the impairment, *id*. § 1630.2(j)(2)(ii), as well as the permanent or long term
13  impact of the impairment. *Id*. § 1630.2(j)(2)(iii)." *Fraser*, 342 F.3d at 1038. Defendant contends
14  that the evidence is insufficient to support a finding of a disability that substantially limits a major
15  life activity. Reviewing the evidence presented on the motion for summary judgment, the Court
16  determines that the dispute whether Plaintiff was substantially limited by a physical or mental
17  impairment when she was denied service at The Alibi presents a genuine issue of fact.

18  The record contains evidence that Plaintiff has been diagnosed with Chiari Malformation
19  which refers to structural defects in the cerebellum. Singleton Decl. Ex. B Attachments 2 (7/28/08
20  MRI report by Dr. M. Malaro), 10 (9/29/08 statement re: incapacity by Dr. J. Ohnemus), 14 (2/13/09
21  report by Dr. S. Insinga), and 9 (4/22/09 RFC Assessment by Dr. J. Ohnemus indicating that
22  Plaintiff "is still in the midst of consultation regarding her Arnold Chiari Malformation"). The
23  evidence also shows that Plaintiff has a history of fibromyalgia and Postural Orthostatic Tachycardia
24  Syndrome ("POTS"), and that she has been diagnosed with Ehlers-Danlos Syndrome ("EDS"),
25  referring to connective tissue disorders. *Id.* Ex. B at 26-27 (Ohnemus Depo.) and Attachments 9, 14
26  (indicating that Plaintiff was diagnosed with POTS in about 2005). Plaintiff testified at deposition
27  that she experiences drop attacks and sleep attacks, shaky vision, headaches, and back pain.
28  Singleton Decl. Ex A at 14-15 (Miller Depo.). Plaintiff has sensory integration issues that make it

4

1 difficult for her to bright and noisy places because she easily becomes overwhelmed and experiences
2 panic attacks. *Id*. Plaintiff also testified that POTS causes her to feel faint and that she has trouble
3 descending stairs and hills because she loses her footing and easily falls. *Id*.

4 The evidence also indicates that Plaintiff was involved in a car accident in which she
5 sustained a whiplash injury and head concussion on October 31, 2007. Singleton Decl. Ex. B,
6 Attachment 14. Plaintiff's medical records reflect that she reported that after her accident her
7 headaches became more constant and severe and that pain and muscle spasm in her neck and back
8 increased. *Id*.

9 Following the October 31, 2007, car accident, Plaintiff sought disability benefits from the
10 state Medi-Cal program and from the Social Security Administration. After the county's Disability
11 Determination Service Division denied Plaintiff's disability application, an administrative law judge
12 of the Department of Health Care Services determined that the denial was in error and that Plaintiff
13 was unable to engage in substantial gainful activity, granting Medi-Cal benefits effective November
14 2007 based on the finding of disability. Singleton Decl. Ex. D-1 (6/24/2009 decision). The state
15 ALJ considered the following medical and vocational documentation: a psychological evaluation by
16 Dr. P. Butler containing a diagnosis of anxiety disorder, major depression and post traumatic stress
17 disorder and an opinion that Plaintiff cannot maintain regular attendance in the workplace; an
18 internal medicine evaluation by Dr. F. Chen containing a diagnosis that Plaintiff has chronic pain
19 syndrome in her neck, shoulders and back; and a physical residual functional assessment by
20 Plaintiff's treating physician, Dr. J. Ohnemus, indicating that frequently Plaintiff can only lift less
21 than ten pounds, that she can walk less than two hours per eight-hour day, that she can sit for six
22 hours per eight-hour day, that she must alternate between sitting and standing and that she has
23 limited use of her upper and lower extremities. *Id*. *See* Hamer Decl. Ex. 4 (stipulation re Ohnemus
24 documents) at 394-97 (2/19/09 evaluation by Dr. F. Chen); 399-402 (partial copy of 1/24/09
25 evaluation by Dr. P. Butler); 241-47 (RFC assessment by Dr. J. Ohnemus).

26 Plaintiff has also submitted evidence showing that an ALJ of the Social Security
27 Administration's Office of Disability Adjudication and Review found that Plaintiff was disabled
28 from October 31, 2007, for the purposes of disability insurance benefits. Singleton Decl. Ex. D-2

5

(4/28/10 decision). The Social Security ALJ determined that the medical evidence before him was sufficient to establish that Plaintiff is limited in her capacity to perform basic work activities due to her severe physical and mental impairments. *Id.* Though Plaintiff concedes that the ALJ's determination of disability and assessment of the evidence is not binding on this Court, Opp. at 6:13-15, the administrative findings as well as the underlying medical records present sufficient evidence to present a triable issue of fact as to whether Plaintiff is "disabled" under the ADA. Viewing the facts in a light most favorable to Plaintiff, a reasonable jury may conclude from this evidence that Plaintiff's symptoms significantly restricted her from at least one major life activity such as working.

Defendant contends that Plaintiff's claims of disability are based only on her own self-reporting and that self-serving accounts of disability are insufficient to create a triable issue of fact. Mot. at 13. Here, Plaintiff's complaints are supported by some objective evidence in the form of medical records, but under Ninth Circuit jurisprudence, such medical evidence is not necessary for Plaintiff's claims to survive summary judgment. In *Head v. Glacier Northwest, Inc.*, 413 F.3d 1053, 1058 (9th Cir. 2005), the Court of Appeals recognized that "Ninth Circuit precedent does not require comparative or medical evidence to establish a genuine issue of material fact regarding the impairment of a major life activity at the summary judgment stage," but "supports the principle that a plaintiff's testimony may suffice to establish a genuine issue of material fact." Under *Head*, though medical testimony may be helpful, it is not required. *Id.* at 1059 (citing *Fraser*, 342 F.3d at 1041-42). *See also Gribben v. United Parcel Service*, 528 F.3d 1166, 1170 and n.2 (9th Cir. 2008) (holding that district court erred by granting summary judgment where the plaintiff's testimony regarding significance of his impairment, plus cardiologist's testimony, was sufficient to create a genuine issue of material fact). Though Defendant challenges Plaintiff's credibility and Dr. Ohnemus's prior statements concerning Plaintiff's disability, *see* Reply at 3, 5, such arguments about the weight and reliability of the evidence in the record are better suited for trial than for summary judgment.

\\
\\

6

### B. Service Animal

For ADA purposes, a service animal is defined as "any guide dog, signal dog, or other animal individually trained to do work or perform tasks for the benefit of an individual with a disability." 28 C.F.R. § 36.104. Federal regulations requires that a particular service animal be trained to work for a disabled individual. *Access Now, Inc. v. Town of Jasper, Tenn.*, 268 F.Supp.2d 973, 980 (E.D.Tenn.2003). Courts that have considered the training requirement for service animals recognize that federal regulations do not set forth any standards or requirements specifying the amount or type of training that an animal must receive to qualify as a service animal, nor the type or amount of work a service animal must provide for the disabled person. *Id.* ("the issue of whether the horse is a service animal does not turn on the amount or type of training"). *See also Bronk v. Ineichen*, 54 F.3d 425, 430-31 (7th Cir.1995) (federal law does not require the service animal to be trained at an accredited training school); *Green v. Housing Auth. of Clackamas Co.*, 994 F.Supp. 1253, 1256 (D. Oregon 1998) ("there is no federal . . . certification process or requirement for hearing dogs, guide dogs, companion animals, or any type of service animal."); *Vaughn v. Rent-A-Center, Inc.*, 2009 WL 723166 at *10 (S.D. Ohio 2009). The relevant question for the court is whether the animal helps the disabled person perform tasks to ameliorate the ADA disability. *Vaughn,* 2009 WL 723166 at *10 (citing *Access Now, Inc.*, 268 F.Supp.2d at 980; *Bronk*, 54 F.3d at 431).

Although Defendant contends that the evidence is insufficient for a reasonable jury to find that Plaintiff's dog is a service animal, Plaintiff has come forward with evidence to create a triable issue as to whether her dog, Sati, has been trained to help Plaintiff with her alleged disability. Plaintiff testified at her deposition that she researched service animals before obtaining a service dog and selected Sati from the shelter after the shelter staff helped her identify an animal most suited to service work. Singleton Decl. Ex. A (Pl. Depo.) at 29, 53-54. Plaintiff further testified that she began training Sati as soon as she got her, obtained professional help to train Sati, and began training Sati to alert when Plaintiff was starting or having a panic attack. *Id*. at 87-89. Plaintiff testified that Sati alerts her to her anxiety attacks and sleep attacks. *Id*. at 93. The evidence is sufficient to present a genuine issue as to whether Plaintiff's dog qualifies as a service animal.

7

**CONCLUSION**

For the reasons set forth above, Defendant's motion for summary judgment is DENIED.

The Court hereby amends the January 22, 2010, case management and pretrial order as follows: the filing date for the joint pretrial conference statement and other pretrial filings scheduled to be filed on that date (including trial briefs, motions in limine, evidentiary lists, jointly proposed voir dire questions and jury instructions, and proposed verdict form) is continued to August 6, 2010, and the date to file any opposition or objection pursuant to section 7 of the pretrial order is continued to August 18, 2010.

Dated:   July 20, 2010

NANDOR J. VADAS
United States Magistrate Judge